STATE OF MAINE *vs*. NATHAN BERLIAWSKY.

Kennebec.    Opinion May 28, 1910.

*Perjury.    Material and Immaterial Matters.    Revised Statutes, chapter 123, section 1.*

1.   False testimony by a party defendant in a civil suit in support of claim
filed in set off for money loaned, that no negotiable promissory note was
given or accepted therefor is testimony "to a material matter" and is
perjury.

2.   Where the party actually sets up such claim for money loaned in defense
by way of set off and testifies in support of it, the fact that he need not
have done so because of another available defense does not make the claim
immaterial matter.

On report.   Judgment for the State.

Indictment against the defendant for perjury and reported to the
Law Court under the provisions of Revised Statutes, chapter 135,
section 26.    The report signed by the presiding Justice is as
follows :

"This was an indictment for perjury found at the January term of
the Superior Court for the County of Kennebec.    The respondent
pleaded "not guilty."    Questions of law arising in the case the
presiding Justice deems it proper that the same should be reserved
on report for the decision of the Law Court, under the statute.

"The report is to be made up of the writ, account in set-off,
pleadings, report of the evidence and all exhibits in the case of
*Isaac Weiner* v. *Nathan Berliawsky*, tried at the November term,
1907, of said Superior Court, together with the full record in said
case.

"Respondent admits that the testimony as alleged in the indict-
ment was false, but contends that it was not material to the issue
involved in the case then on trial.

"The respondent admits all the allegations in the indictment
except the allegation of materiality.

"If the Law Court is of the opinion that the testimony was
material to the issue, then judgment for the State is to be ordered

or the case to stand for trial, as the Law Court may deem necessary in the premises, and the respondent in open court agrees that if the order of the court be that the case must stand for trial he will withdraw his plea of not guilty and enter a plea of nolo contendere.   If the Law Court is of the opinion that the testimony was not material to the issue the respondent is to be discharged."

The pith of the case is stated in the opinion.

*Fred Emery Bean,* County Attorney, for the State.

*Harvey D. Eaton, Herbert M. Heath, and Anson M. Goddard,* for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

EMERY, C. J.   The defendant was charged in the indictment with perjury in his testimony given in the trial of a civil action, Isaac Weiner against him.   In that action Weiner sued for the price of merchandise sold and delivered.   The defendant filed an account in set off containing among other items this:   "July 12, 1907, to cash $125."   The defendant testified that $100 of this item was cash paid by him to one Withee at Weiner's request. The plaintiff claimed that he had given and the defendant had accepted therefor his negotiable promissory note on six months' time. As to this claim, the defendant testified that he had not received and never had any such note, and that no note was given him for that item.   The indictment is based on this testimony in denial. In this proceeding he formally admits that the testimony was false, that he did receive, accept and discount Weiner's negotiable promissory note given for the $100 paid to Withee, and he submits to judgment against him if the Law Court is of the opinion that his false testimony was "to a material matter."   R. S., c. 123, sec. 1.

We think it was.   Whether the item of $100 paid Withee could be allowed as such to the defendant in set off against Weiner's claim was an issue and a material issue at the trial of the civil suit. If no negotiable note had been given and accepted therefor, it might have been so allowed.   If, however, a negotiable promissory

note had been given and accepted therefor, the item was, presumably at least, merged in the note and extinguished; no action could be maintained upon it nor could it be allowed in set off as cash paid. The defendant's right of action or set off was on the note itself. *Snow* v. *Foster*, 79 Maine, 558. So far, the matter of the note was clearly material.

All the evidence in the civil suit, however, is made a part of the report in this case, and defendant claims that all the evidence at the trial of the civil suit shows that the plaintiff had delivered the merchandise sued for in payment of an indebtedness of his to the defendant, and hence he could not maintain the action for the price. He claims that this rendered the matter of the set-off and the note immaterial. That ground, however, was not taken at the trial of the civil suit. The quantity and price of the merchandise delivered, the truth and validity of the items in set off were the issues raised and tried. The verdict and judgment were upon those issues and it is upon those issues that the materiality of the defendant's false testimony depends. That the matter of the note was material, to at least one of those issues, has already been shown.

*Judgment for the State.*